﻿Citation Nr: AXXXXXXXX
Decision Date: 05/21/19 Archive Date: 05/21/19

DOCKET NO. 190301-2844
DATE: May 21, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is denied.

Entitlement to service connection for bilateral tinea pedis is denied.

FINDINGS OF FACT

1. The record evidence shows that the Veteran’s current bilateral hearing loss and tinnitus are not related to active service.

2. The record evidence shows that the Veteran does not experience any current disability due to his claimed bilateral tinea pedis which is related to active service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.303, 3.304, 3.385 (2018). 

2. The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.303, 3.304 (2018). 

3. The criteria for entitlement to service connection for bilateral tinea pedis have not been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.303, 3.304 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in July 2017. In June 2018, the Veteran elected the modernized review system. See 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran had active service from April 1955 to April 1959 and from June 1959 to July 1975 in the U.S. Air Force (USAF), including in the Republic of Vietnam. He also had additional unverified USAF Reserve service. He selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in June 2018. He timely appealed the July 2017 rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. See 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to service connection for bilateral hearing loss and for tinnitus

The Board finds that the preponderance of the evidence is against granting the Veteran’s claims of service connection for bilateral hearing loss and for tinnitus. The Veteran contends that he incurred each of these disabilities during active service and experienced continuous post-service disability. Contrary to these lay assertions, the record evidence shows instead that, although the Veteran experiences current disability due to bilateral hearing loss and tinnitus, neither of these disabilities is related to active service. For example, the Veteran’s available service treatment records show that, at an enlistment physical examination in April 1955 at the beginning of his first period of active service, his bilateral hearing was within normal limits (15/15) on whispered voice hearing test. The Veteran also denied all relevant pre-service medical history.

At his first separation physical examination in March 1959, prior to his separation from service at the end of his first period of active service in April 1959, the Veteran’s pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT -5 -5 -5 -5 -5

LEFT -5 -5 -5 -5 -5

Although the Veteran reported an in-service history of ear, nose, or throat trouble, the in-service examiner who completed this examination report stated that this referred to an occasional sore throat associated with the common cold and was without complications.

On periodic physical examination in September 1965, the Veteran’s pure tone thresholds, in decibels, were as follows:

 

 HERTZ 

 500 1000 2000 3000 4000

RIGHT -5 -5 -5 0 5

LEFT -5 0 0 5 5

The Veteran denied all relevant medical history.

On periodic physical examination in May 1969, the Veteran’s pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 15 0 0 5 5

LEFT 10 5 0 15 10

The Veteran denied all relevant medical history.

At his retirement physical examination in May 1975, prior to his final separation from service in July 1975, clinical evaluation was completely normal. The Veteran’s pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 10 5 0 0

LEFT 5 0 0 10 10

The Board notes that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (finding lack of contemporaneous medical records does not serve as an "absolute bar" to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) ("Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms").

The post-service evidence also does not support granting the Veteran’s service connection claims for bilateral hearing loss or for tinnitus. Although it shows that the Veteran currently experiences disability due to his claimed bilateral hearing loss and tinnitus, it also shows that neither of these disabilities is related to active service. For example, on VA hearing loss and tinnitus Disability Benefits Questionnaire (DBQ) in February 2015, the Veteran’s complaints included bilateral hearing loss and gradual onset of bilateral ringing in his ears which he rated as 7/10 on a pain scale. The VA examiner reviewed the Veteran’s electronic claims file, including his service treatment records and post-service VA treatment records. The Veteran’s pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 20 20 20 40

LEFT 20 15 20 25 30

Speech audiometry revealed speech recognition ability of 94 percent in each ear. The Veteran stated that “spousal concerns” were the impact of his hearing loss on his activities of daily living. The VA examiner opined that it was less likely than not that the Veteran’s bilateral sensorineural hearing loss is related to active service. The rationale for this opinion was that the Veteran’s service treatment records “showed essentially normal hearing in both ears” without major threshold shifts throughout his active service. The VA examiner next opined that it was less likely than not that the Veteran’s tinnitus is related to active service. The rationale for this opinion was that, because the Veteran experienced no hearing loss or threshold shift during active service, there was no “noise injury” incurred in service which could have caused his tinnitus. The rationale also was:

In order to opine that the tinnitus was caused by military service, one would have to accept the scientifically unsubstantiated premise that tinnitus is related to some undiagnosed, latent noise injury. Such an opinion would directly contradict the objective evidence.

The diagnoses were bilateral sensorineural hearing loss and tinnitus.

The Board acknowledges that the Veteran currently experiences disability due to both bilateral hearing loss and tinnitus. Contrary to his lay assertions, however, the record evidence demonstrates that neither of these current disabilities is related to active service. The February 2015 VA examiner specifically opined that both bilateral hearing loss and tinnitus were not related to active service. These opinions were fully supported. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (finding that a medical opinion "must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). The Veteran finally has not identified or submitted any evidence demonstrating his entitlement to service connection for bilateral hearing loss or tinnitus. In summary, the Board finds that service connection for bilateral hearing loss and for tinnitus is not warranted.

2. Entitlement to service connection for bilateral tinea pedis

The Board finally finds that the preponderance of the evidence is against granting the Veteran’s claim of service connection for bilateral tinea pedis. The Veteran essentially contends that he incurred bilateral tinea pedis during active service and experienced continuous post-service disability. The record evidence does not support his assertions concerning the existence of any current disability due to his claimed bilateral tinea pedis which is attributable to active service. It shows instead that he does not experience any current disability due to his claimed bilateral tinea pedis which is related to service. For example, the Veteran’s available service treatment records show that clinical evaluation was normal at his enlistment physical examination in March 1955. He denied all relevant pre-service medical history.

On outpatient treatment at a dermatology clinic in July 1970, the Veteran complained of a 2-month history of pruritic scaly eruption on the soles and sides of both feet. “Was vesicular at one time.” He was given tinactin with a questionable response. The impressions were tinea pedis and rule-out resolving dyshydrosis.

On outpatient treatment in June 1974, no relevant complaints were noted. Physical examination showed athlete’s foot on the right foot. The impressions included athlete’s foot. The Veteran was prescribed tinactin to use as directed.

As noted above, the Veteran was normal clinically at his retirement physical examination in May 1975, prior to his final separation from service in July 1975.

(Continued on the next page)

 

The post-service evidence also does not support granting the Veteran’s service connection claim for bilateral tinea pedis. Contrary to the lay assertions of record, it shows instead that the Veteran does not experience any current disability due to his claimed bilateral tinea pedis which is related to active service. The Board observes here that a service connection claim must be accompanied by evidence which establishes that the claimant currently has a disability. Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Service connection is not warranted in the absence of proof of current disability. The Board has considered whether the Veteran experienced bilateral tinea pedis at any time during the pendency of this appeal. Service connection may be granted if there is a disability at some point during the claim even if it later resolves or becomes asymptomatic. McClain v. Nicholson, 21 Vet. App. 319 (2007). Although the record evidence shows that the Veteran was treated for tinea pedis (or athlete’s foot) on 2 occasions during active service, it appears that these in-service complaints resolved with treatment. More importantly, there is no evidence – other than the Veteran’s unsupported lay assertions – which demonstrates that he experiences any current disability due to his claimed bilateral tinea pedis which is related to active service. The Veteran finally has not identified or submitted any evidence demonstrating his entitlement to service connection for bilateral tinea pedis. In summary, the Board finds that service connection for bilateral tinea pedis is not warranted.

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Michael T. Osborne, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.